IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

              v.              Civil No. O5-5031
                          Criminal No. 03-50057-001

**WALTER W. FISCHER**                                                                **DEFENDANT**

<u>**O R D E R**</u>

    Now on this 11th day of October, 2006, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #60)("R&R") in this matter, and **Petitioner's Objections To The Magistrate Judge's Report And Recommendation** (document #63)("Objections"), and the Court, having carefully reviewed both documents, the pleadings, the transcript of the change of plea hearing, the transcript of the evidentiary hearing held by the Magistrate Judge, and the documents received into evidence at that hearing, finds and orders as follows:

    1.    Walter W. Fischer ("Fischer") was charged in a 63-count Superseding Indictment with aiding and assisting in the preparation of false income tax returns in violation of **26 U.S.C. §7206(2)**. He was represented by retained attorneys Jim Rose III ("Rose") and Rick Woods ("Woods").

    2.    On May 10, 2004, several days before the scheduled trial, Fischer pled guilty to 16 of the 63 counts. The Plea Agreement contained the following relevant provisions:

       \*    that the federal Sentencing Guidelines would apply;

       \*    that relevant conduct could be considered in sentencing;

* that the Government would not oppose a decrease in the offense level for acceptance of responsibility;

* that the Government would recommend a sentence at the bottom of the appropriate Guideline range;

* that the Government would stipulate that the tax loss did not exceed $400,000 for purposes of calculating Fischer's base offense level;

* that the Government would dismiss the remaining counts of the Indictment after Fischer was sentenced;

* that Fischer waived his right to appeal his plea and conviction or to contest them in a post-conviction proceeding; and

* that the Plea Agreement was not binding on the Court.

At the change of plea hearing, Fischer testified that he had read the Plea Agreement, had discussed it with his attorneys, and felt like he understood it. In response to a question by the Court, Fischer agreed that under the waiver of appeal rights provision, he would not be able to appeal his sentence "just because I don't like it."

The Court had some reservations about this waiver, and stated after reading it and asking Fischer if he understood it, "I'm not sure I agree with it because, obviously, if this Court makes a blatant error that denies you justice, I would think that you would have a right to appeal, no matter what this says, and I think that probably the Government wouldn't disagree with that." In spite of

its reservations, the Court expressed tentative approval of the Plea Agreement.

3. A Presentence Investigation Report ("PSR") was prepared. The PSR contained the following relevant information:

* the total tax loss to the IRS was $541,450;

* under **§2T1.4** of the Sentencing Guidelines, the base offense level for a tax loss of more than $400,000 but less than $1,000,000, was 20;

* two points were added to the base offense level pursuant to **§2T1.4(b)(1)(B)** because Fischer was in the business of preparing tax returns;

* three points were added to the base offense level pursuant to **§3A1.2(a)** because many of the victims (in addition to the IRS) were government officers or employees and the offenses of conviction were motivated by that status;

* two points were subtracted for acceptance of responsibility;

* the total adjusted offense level was 23, which, given Fischer's criminal history category of I, yielded a guideline range of 46 to 57 months.

4. Fischer was sentenced on September 2, 2004, at which time the Court - without objection by either party - expressed final approval of the Plea Agreement. Fischer's attorneys objected to the three-point enhancement for victim targeting, but that objection was overruled on the basis of **U.S. v. Hildebrandt**, **961 F.2d 116 (8th**

**Cir. 1992).** They also argued that the Guideline range should be calculated on the basis of the $400,000 cap, rather than the actual loss. That argument was also overruled. The Court sentenced Fischer to 46 months, the bottom of the Guideline range when calculated according to the information in the PSR. The Court also imposed a fine of $5,000.00, special assessment of $16,000.00, and restitution in the sum of $538,699.00.

The remaining Counts of the Superseding Indictment were dismissed. The Court advised Fischer that he had ten (10) days to appeal his "judgment and sentence," and that if he could not pay the cost of an appeal he could apply to appeal without cost and ask to be appointed an appellate attorney.

5. Fischer, who had been expecting a shorter period of incarceration, brought up the subject of appeal with Rose before the two men even left the courtroom. There is a dispute about whether Fischer said "I want to appeal" or "can we appeal," but the subject of appeal was clearly broached. However, no notice of appeal was filed.

6. In the **§2255** petition now under consideration, Fischer makes the following contentions:

* that his plea was not made knowingly and voluntarily, because his attorneys promised him an 18-month sentence and he was not advised that he faced possible sentence enhancements based on the victim targeting Guideline and the actual amount of tax loss;

-4-

* that he received ineffective assistance of counsel because his attorneys failed to file an appeal after being requested to do so; and

* that his sentence was enhanced on the basis of elements not presented to a jury, in violation of the Constitution.

7. The Magistrate Judge conducted an evidentiary hearing on Fischer's contentions on November 15, 2005. Fischer testified, as did his wife Pamela and son Damien, attorneys Rose and Woods, and Rafael Marquez, an interpreter/investigator with the Federal Public Defender's Office. After consideration of post-hearing briefs, the Magistrate Judge filed the R&R, the contents of which may be briefly summarized as follows:

(a) <u>The Plea Issue</u>:

The Magistrate Judge reported that she found Fischer's plea to be knowing and voluntary. Fischer knew the maximum penalty for each count was three years; knew the Guidelines would control; and knew the Court would make the final decision about sentencing and did not have to accept the stipulations in the Plea Agreement. Fischer offered no "believable sentencing options" that would have resulted in the 18-month sentence he claims his attorneys promised him. The evidence against Fischer was strong, and his attorneys expected he would be convicted if he went to trial. Fischer did not show that if he had known of the eventual Guideline range, he would have withdrawn his plea and gone to trial on all 63 counts. Because such a showing is required to demonstrate ineffective assistance of

counsel in connection with erroneous advice in the negotiation of a plea, **Hill v. Lockhart**, **474 U.S. 52, 57 (1985),** the Magistrate Judge recommended that this claim be dismissed.

    (b)   The Appeal Issue:

The Magistrate Judge reported that she found Fischer had inquired about "the prospects" of an appeal, but had not clearly directed his attorneys to file a notice of appeal. Nothing was decided on the day of the sentencing, and "Rose and Fischer thereafter made no efforts to set up a meeting to further discuss the matter." The Magistrate Judge analyzed the matter in light of **Roe v. Flores-Ortega**, **528 U.S. 470 (2000),** finding that Rose had a duty to consult with Fischer about an appeal - based on Fischer's expressed interest in appealing - but that Fischer failed to show that after such a consultation he would have appealed. She therefore recommended that this claim be denied.

    (c)   The Constitutional Issue:

The Magistrate Judge did not separately analyze this issue.

    8.   Fischer makes six objections to the factual findings of the Report And Recommendation, and three objections to the legal conclusions. All of his objections bear on the issue of whether he received ineffective assistance of counsel because his attorneys did not file a notice of appeal. There are no objections to the R&R insofar as it bears on the issue of voluntariness of the plea, nor as to the fact that it does not address the constitutional issue raised by the Complaint, and the Court finds that the R&R is sound

and should be adopted insofar as it addresses the issue of voluntariness of the plea, and that Fischer has abandoned his constitutional argument.

Fischer asks for *de novo* review of the appeal issue by this Court pursuant to **28 U.S.C. §636(b)(1)**. The Court has conducted *de novo* review of the appeal issue in light of Fischer's Objections.

9. The Court turns first to the issue of whether the waiver in Fischer's Plea Agreement is valid - and, if so, the scope of such waiver. The Court believes that if the waiver is both valid and broad enough to include (and thus bar) an appellate challenge to Fischer's sentence, then it need not consider this petition further since the alleged attorney errors of which Fischer complains would be moot. The purpose of Fischer's petition is to obtain a re-sentencing from which he can appeal, and a determination that the waiver precludes an appeal would bar an appeal even if he were to be re-sentenced.

In **United States v. Andis**, **333 F.3d 886 (8th Cir. 2003)**, the Eighth Circuit explained that a criminal defendant can waive his right to appeal in a plea agreement, subject to the following conditions and limitations:

* the waiver must be knowing and voluntary;
* it must not result in a miscarriage of justice;
* any ambiguity in the waiver must be construed strictly against the government;
* the language must be narrowly applied; and

> * the appellate issue must be within the scope of the waiver.

(a) **Knowing and Voluntary**:

The Court has no hesitancy in finding that Fischer's waiver was knowing and voluntary. The exchange between Fischer and the Court during the plea colloquy clearly shows that Fischer then understood fully that he was giving up his right to appeal his sentence - with the possible exception of a situation wherein a "blatant error" might result in a denial of justice. Fischer is an educated man - with over twenty years' experience in law enforcement - and thus was not in a totally disorienting environment when he entered his plea in open court. Moreover, the Plea Agreement contained significant bargained-for concessions by the government which were favorable to Fischer. There was no suggestion or evidence of any overreaching by the government in connection with the Plea Agreement. For these reasons, the Court finds that the waiver was knowing and voluntary.

(b) **Miscarriage of Justice**:

The Court finds no reason to believe that enforcement of the waiver - as properly construed - would result in a miscarriage of justice. That type of blatant error occurs when, for example, the sentence is not authorized by the judgment of conviction, or when it is greater than the permissible penalty for the crime. **Andis, 333 F.3d at 892.** The facts of this case do not fit within the narrow parameters of "blatant error."

(c) **Ambiguity and Strict Construction of Waiver; Narrow Application; and Scope of Waiver**:

The Court does, however, find that the waiver of appeal rights in the Plea Agreement is ambiguous, and when strictly construed against the government and narrowly applied, it does not bar appeal of the sentence in this case.

By its terms the language in the Plea Agreement waives rights to appeal the "plea and conviction on any ground." If this language were to be read broadly, it would encompass the sentencing phase of the conviction, and indeed, that is how the Court interpreted it and discussed it with Fischer at the change of plea hearing. Although neither party objected to this broad reading at that time, it clearly was not the narrow construction required. When properly read narrowly, the language is not specific as to sentencing and, thus, issues related to sentencing are not waived by this language.[1]

When the Court informed Fischer at sentencing that he had a right to appeal his sentence[2], the government did not object to that advice being given to Fischer and, in fact, the record shows no mention or discussion of the waiver at the sentencing hearing.

---

[1] Contrast the waiver here with that in U.S. v. Aronja-Inda, 422 F.3d 734 (8th Cir. 2005)("defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction . . . including a review pursuant to 18 U.S.C. §3742 of any sentence imposed and any and all issues inhering therein, except for . . . .") and in Chesney v. U.S., 367 F.3d 1055 (8th Cir. 2004)(defendant waived right to appeal conviction and sentence, along with "any and all post sentencing pleadings").

[2] The Court does not recall, and cannot determine from the record before it, why it would have told a defendant he had a right to appeal, in light of the discussion in the plea colloquy, but that is what happened, and - whether rightly or wrongly stated - it must be taken into consideration in evaluating the situation.

Moreover, the Court notes that Rose does not contend he failed to file a notice of appeal because that right had been waived, and the government does not contend it should prevail here because of the waiver in question.

For the foregoing reasons, the Court concludes that the waiver of Fischer's right to appeal in the Plea Agreement is ambiguous. Construing that ambiguity against the government, the Court finds that the right to appeal sentencing issues was not waived in the Plea Agreement.

10. The Court next takes up the issue of whether **Flores-Ortega** is applicable under the facts of this case.

**Flores-Ortega** acknowledged as settled law "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and addressed the following question: "Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" **528 U.S. at 477.** Fischer objects to the application of **Flores-Ortega**, contending that he gave Rose "a definitive directive" to file an appeal.

The Court agrees with Fischer that, under the circumstances here shown, he clearly and unequivocally expressed to Rose his desire to appeal before the two men ever left the courtroom after sentencing. Fischer testified that he told Rose "I want to appeal." Rose testified that Fischer asked him "can we appeal?" The Court perceives little real distinction between these two statements, in

light of the ambiguous waiver of appellate rights in the Plea Agreement and the Court's statement to Fischer that he had a right to appeal the Court's "judgment and sentence."

In these circumstances, the question "can we appeal?" could not reasonably be considered to be a question asked out of idle curiosity. Logic and common sense counsel that it would only have been asked if Fischer had a desire to appeal and wanted to know whether - in light of the Court's advice - he could do so even in the face of the waiver in the Plea Agreement.

In addition, Woods testified that Rose said, in a meeting with Fischer and Fischer's present counsel, that there was "no doubt" Fischer wanted to appeal. The Court sees no reason not to credit this testimony by one of Fischer's retained attorneys.

For these reasons, the Court finds that **Flores-Ortega** is not controlling, in that Fischer clearly conveyed to Rose his wish to appeal his sentence.

11. Because the Court finds that Fischer did not clearly waive his right to appeal his sentence; that he clearly conveyed his desire to appeal; and that his attorneys did not file a timely notice of appeal, the Court concludes that Fischer received ineffective assistance of counsel. No showing of actual prejudice (i.e., that Fischer would have prevailed on appeal) is necessary. **Estes v. United States, 883 F.2d 645 (8th Cir. 1989).** In such a case, the appropriate remedy is to vacate the sentence, and re-sentence. Time for appeal will then begin to run from the date of

re-sentencing. **United States v. Beers**, 76 F.3d 204 (8th Cir. 1996).

12. Because the Court has reached the foregoing conclusion, it is not necessary to take up the individually-numbered objections set out in Fischer's Objections, and the Court will not do so. It is unlikely any of the issues therein raised will recur at re-sentencing.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** is **adopted in part and not adopted in part.**

The Report And Recommendation is **adopted** insofar as it reports that Fischer's plea of guilty was entered voluntarily and knowingly.

The Report And Recommendation is **not adopted** insofar as it reports that Fischer did not make known to his attorneys his desire to appeal.

**IT IS FURTHER ORDERED** that Fischer has abandoned his claim that his sentence was enhanced on the basis of elements not presented to a jury, in violation of the Constitution.

**IT IS FURTHER ORDERED** that Fischer's **§2255** petition is **granted**, his sentence is vacated, and a new sentencing hearing will be conducted on Monday, November 6, 2006, at 1:30 p.m., in the United States Courthouse and Federal Building, 35 East Mountain, Room 509, Fayetteville, Arkansas.

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
      **JIMM LARRY HENDREN**
      **UNITED STATES DISTRICT JUDGE**